IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

M. C.P., et al.,

              Plaintiffs,

      v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, et al.,

              Defendants.

Case No. 25-cv-00946-MMC

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

Before the Court is defendants United States Department of Homeland Security; Kristi Noem, Secretary of Homeland Security; United States Citizenship and Immigration Services ("USCIS"); Jennifer Higgins, Acting Director, USCIS; and Ernest DeStefano's, Chief, Office of Intake and Document Production, USCIS Motion to Dismiss, filed September 17, 2025, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have filed opposition, to which defendants have filed a reply and, with leave of court, a supplemental declaration.[1] The matter came on regularly for hearing on February 20, 2026. Caitlin DeWitt, Emily Abraham, and Jose Marin of the Social Justice Collaborative appeared on behalf of plaintiffs. Victor Mercado-Santana of the United States Department of Justice appeared on behalf of defendants. The Court, having considered the parties' respective written submissions and the arguments of

---

[1] For the reasons set forth later herein, plaintiffs' Administrative Motion for Leave to File Surresponse is hereby DENIED.

United States District Court
Northern District of California

counsel made at the hearing, and for the reasons stated in detail on the record at the hearing, hereby rules as follows.

**BACKGROUND**

Plaintiffs M.C.P., L.B.P., S.J.A., and L.V.C. are noncitizens, each of whom filed an Adjustment of Status ("AOS") application to obtain Lawful Permanent Resident status, known as a Form I-485, and, in the course thereof, each was required to submit, in a sealed envelope, a Form "I-693 Medical Examination and Vaccination Record" ("Form I-693")[2] at their expense from an approved third-party USCIS-designated doctor. (See Doc. No. 1 ("Complaint") ¶¶ 1, 4, 5.) Plaintiffs allege USCIS "engages in an…improper practice of prematurely unsealing medical examination reports…during the application intake process" (see id. ¶ 6), and that such unsealing occurs "even in cases where it does not plan to accept the application in its entirety…regardless of the reason for rejection" (see id. ¶ 2). Plaintiffs further allege such unsealing "invalidates the medical examination report, forcing applicants to incur additional costs when they resubmit their applications, often amounting to several hundred dollars per individual, to obtain new or updated [I-693] forms" (see id. ¶ 6) even if the applicant's AOS "application is rejected for reasons unrelated to the medical examination" (see id. ¶ 1).

Based thereon, plaintiffs, on behalf of themselves and a putative class, filed the instant action, challenging USCIS's practice of opening envelopes during the application intake process and asserting the following causes of action: (1) "Violation of the APA – Arbitrary and Capricious Action" (see Complaint ¶¶ 102-118); (2) "Violation of the APA – Failure to Comply with Notice-and-Comment Rulemaking") (see id. ¶¶ 119-127); and (3)

---

[2] Plaintiffs' unopposed Motion for Judicial Notice of Form I-693 is hereby GRANTED.

"Violation of the Due Process Clause – Fifth Amendment" (see id. ¶¶ 128-137).

By the instant motion, defendants assert plaintiffs' claims are now moot and, consequently, that the Complaint is subject to dismissal on the ground the Court lacks subject matter jurisdiction. (See Doc. No. 33 ("Motion") at 1:14-17.)

**LEGAL STANDARD**

A jurisdictional attack under Rule 12(b)(1) of the Federal Rules of Civil Procedure "can be either facial or factual." See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, "the challenger asserts the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack, the challenge is based on extrinsic evidence "beyond the complaint." See id.

"Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id. (internal quotation and citation omitted).

Because mootness "pertain[s] to a federal court's subject-matter jurisdiction under Article III," it is "properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." See White, 227 F.3d at 1242.

**DISCUSSION**

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (internal quotation and citation omitted).

Although "the standard…for determining whether a case has been mooted by the

3

United States District Court
Northern District of California

defendant's voluntary conduct is stringent," a case "might become moot if subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." See Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 189 (2000) (internal quotation and citation omitted). "The mere power to reenact a challenged policy," however, "is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists." See Brach v. Newsom, 38 F.4th 6, 14 (9th Cir. 2022) (internal quotation and citation omitted).

Where, as here, a defendant's voluntary cessation of the challenged conduct is caused by a policy change that is "not reflected in statutory changes or…regulations," the Ninth Circuit has listed the following circumstances as "indicat[ing] that mootness is more likely": "(1) the policy change is evidenced by language that is broad in scope and unequivocal in tone, (2) the policy change fully addresses all of the objectionable measures that the Government officials took against the plaintiffs in the case, (3) the case in question was the catalyst for the agency's adoption of the new policy, (4) the policy has been in place for a long time when [the court] consider[s] mootness, and (5) since the policy's implementation the agency's officials have not engaged in conduct similar to that challenged by the plaintiff." See Rosebrock v. Mathis, 745 F.3d 963, 972 (9th Cir. 2014) (internal quotations and citations omitted). Additionally, courts "presume that a government entity is acting in good faith when it changes its policy." See id. at 971.

Here, defendants argue they have changed their procedures with respect to whether a Form I-693 that is unsealed by USCIS during the intake process can be resubmitted, specifically, that "USCIS no longer requires applicants to obtain a new Form I-693 to resubmit with their previously rejected adjustment of status application" and that applicants can "resubmit the opened and unsealed Form I-693 with their resubmitted Form I-485." (See Motion at 10:17-24.)

In that regard, defendants point out, they have submitted evidence, not contested by plaintiffs, that "[o]n January 16, 2025 (13 days prior to [p]laintiffs filing their Complaint), USCIS updated its rejection notices pertaining to adjustment of status applications to instruct applicants that they could resubmit the opened and unsealed Form I-693 with their resubmitted Form I-485." (See id. at 10:22-24 (citing Doc. No. 33-5 ("Parker Decl.") ¶ 14).) As defendants further point out, USCIS, in June 2025, "updated the rejection notice again to more clearly explain that applicants may resubmit their adjustment of status application with the envelope containing the Form I-693 opened or unsealed," as well as "updated its policy manual so that it is also consistent with the updated procedures, which allow for resubmission of the unsealed/opened I-693 Forms upon receipt of a rejection notice" (see id. at 11:2-9 (citing Parker Decl. ¶¶ 15, 16)), and "published an alert banner on [its] website," advising that an unsealed I-693 Forms can be resubmitted by AOS applicants despite having been unsealed by USCIS upon intake (see id. at 5:6-12 (citing Parker Decl. ¶ 16)).

In response, plaintiffs contend the case is not moot, arguing the challenged conduct "can reasonably be expected to recur" because of "litigation-driven policy changes, ongoing regulatory contradictions, and easy reversibility." (See Doc. No. 34 ("Opp.") at 5:21-23.) As set forth above, however, a "litigation-driven" policy change, i.e., a change where "the case in question was the catalyst for [the new policy's] adoption," is a factor "indicat[ing] mootness is more likely." See Rosebrock, 745 F.3d at 972. Next, what plaintiffs describe as "ongoing regulatory contradictions" are not, in fact, contradictions, the one asserted contradiction being that the "Form I-693 instructions still require sealed envelopes and state that opened forms 'will be returned'" (see Opp. at 6:12-14), which instruction remains a correct statement of the procedure applicable to initial applications for adjustment of status and in no way contradicts the revised guidance

5

United States District Court
Northern District of California

applicants receive in connection with resubmission. The issue thus remaining is the asserted "easy reversibility."

As to that issue, plaintiffs, at the hearing, argued, for the first time, there exists an incompatibility between defendants' revised policy and defendants' interest in maintaining a chain of custody as to an applicant's Form I-693, and, in light thereof, the Court afforded defendants the opportunity to submit a supplemental declaration in support of its counsel's statement at the hearing that USCIS has a current practice of scanning the Form I-693 as initially presented and retaining the scanned copy for future reference.

Thereafter, defendants submitted a declaration from Elizabeth Zemlan, USCIS's "Division Chief, Forms and Requirements Division, Office of Intake and Document Production, Management Directorate," averring that, upon intake of an application, "all contents…are scanned," and that USCIS's "intake system uses the scanned images to capture data from the form, payment and envelope." (See Doc. No. 51-1 ("Zemlan Decl.") ¶ 12.) Zemlan further states that an AOS applicant's "resubmitted Form I-693 can be compared to the Form I-693 in the rejected I-485 filing that is available in a system of records." (See id. ¶ 16.)

In response to Zemlan's declaration, plaintiffs have filed an "Administrative Motion for Leave to File Surresponse" (see Doc. No. 52), asserting the declaration "describes internal agency procedures that have never been published in any guidance accessible to applicants or counsel, making it impossible for [p]laintiffs to independently verify or dispute them without discovery" (see id. at 2:2-4) and "omits the information necessary to evaluate whether USCIS's chain of custody practices are adequate" (see id. at 1:26-27). Plaintiffs have not, however, made any showing that they ordinarily would have knowledge of the internal practices described by Zemlan, and, although they assert discovery is needed to obtain further details regarding the scanning and use of the

6

United States District Court
Northern District of California

scanned I-693 Forms, plaintiffs offer no evidence, or even argument, suggesting the revised procedure is not working in the way it is designed to work. The Court thus next addresses, based on the record presently before it, the question of recurrence.

Having considered that record and the Ninth Circuit's above-referenced list of factors relevant to assessing the issue, the Court finds the challenged practices are not reasonably likely to recur. In particular, defendants' "policy change is evidenced by language that is broad in scope and unequivocal in tone," as reflected in its rejection notices, policy manual, and website; the "policy change fully addresses all of the objectionable measures that the Government officials took against the plaintiffs in the case," in that AOS applicants are no longer required to obtain new medical forms for resubmission; "the case in question was the catalyst for the agency's adoption of the new policy," given plaintiffs acknowledgment that the parties engaged in "extensive pre-litigation advocacy" (see Opp. at 5:25) during which USCIS "stated it plan[ned] to…add[] language to rejection notices" to inform applicants they could resubmit opened I-693 Forms in the opened envelopes (see Complaint ¶¶ 82, 84); "the policy has been in place for a long time," USCIS having first modified its rejection notices in January 2025; and "since the policy's implementation the agency's officials have not engaged in conduct similar to that challenged by the plaintiff," there being no allegation of any instances in which USCIS's revised policy has not been followed. See Rosebrock, 745 F.3d at 972.

Accordingly, defendants having established a new procedure, and there being no sign that defendants will return to the prior practice of requiring AOS applicants whose I-693 Forms were unsealed during the intake process to obtain and submit new I-693 Forms when reapplying, the Court finds the challenged practice has no reasonable expectation of recurrence.

In sum, the Court finds plaintiffs' claims are moot.

United States District Court
Northern District of California

**CONCLUSION**

For the reasons set forth above, defendants' Motion to Dismiss is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: May 7, 2026

MAXINE M. CHESNEY

United States District Judge